UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ANTWONE DORNELL GOOLSBY,<br><br>               Petitioner,<br><br>    v.<br><br>JOE LIZARRAGA,<br><br>               Respondent. | CASE NO. C14-5643 RJB-JRC<br><br>REPORT AND RECOMMENDATION<br><br>NOTED FOR:<br>MARCH 13, 2015 |

      The District Court has referred this petition for a writ of habeas corpus to United States Magistrate Judge J. Richard Creatura. The Court's authority for the referral is 28 U.S.C. § 636(b)(1)(A) and (B), and local Magistrate Judge Rules MJR3 and MJR4. Petitioner filed the petition pursuant to 28 U.S.C. § 2254.

      Respondent asserts that this petition is untimely (Dkt. 9). Further, respondent argues that the petition is procedurally barred (*id.*). Petitioner alleges that he is mentally ill and should be allowed to dismiss this petition so that he can attempt to exhaust his claims in state court (Dkt. 12). Respondent did not file any reply or address petitioner's motion to withdraw the petition.

REPORT AND RECOMMENDATION - 1

1  Under this unique set of circumstances, the Court recommends allowing petitioner to withdraw
2  his petition.

3                   BASIS FOR CUSTODY AND PROCEDURAL HISTORY

4       On May 14, 2012, the Pierce County Superior Court accepted petitioner's guilty plea to
5  two counts of murder in the first degree (Dkt. 10, Exhibit 1).  Less than one year later, on March
6  15, 2013, petitioner filed a motion to withdraw his plea (Dkt. 10 Exhibit 7).  The Pierce County
7  Superior Court denied petitioner's motion to withdraw his guilty plea on May 6, 2013 (Dkt. 10,
8  Exhibit 10).  Petitioner filed no other pleadings in state court prior to filing his federal habeas
9  corpus action.  Petitioner did not file his federal habeas corpus petition within one year of the
10 Superior Court's denial of his motion to withdraw his guilty plea (Dkt. 1).  Petitioner filed his
11 petition on August 15, 2014 (Dkt. 1).

12      Respondent filed an answer to the petition arguing that the petition is untimely (Dkt. 9).
13 Respondent also argues that the petition is procedurally barred (Dkt. 9).  In response to the
14 answer, petitioner, through an inmate writ writer, has filed a document asking the Court to "toll
15 the time and to withdraw this petition to further exhaust state remedy." (Dkt. 12).  Petitioner
16 asserts that he cannot read or write and is mentally ill (Dkt. 12, p. 1).  The Court's review of the
17 record shows petitioner admitting to an eighth grade education and stating that he can read and
18 write English at the time of his guilty plea (Dkt. 10, Exhibit 9 Attached verbatim transcript
19 volume XIII page 1035).  Petitioner argues equitable tolling should apply to his situation.
20 Petitioner also states in an affidavit that he did not sign his petition (Dkt. 12, p. 5).  Petitioner
21 asserts that a different inmate writ writer signed and filed this petition (Dkt. 12, p. 5).

22      Petitioner states that he wishes to withdraw this petition (Dkt. 12, p. 1, 4).  Petitioner also
23 provides evidence that he filed a personal restraint petition in state court in an attempt to exhaust
24

1  his claims (Dkt. 12, pp. 30–39).  Petitioner admits that he did not exhaust his claim in state court
2  although he refers to "exhaustion of administrative remedies" rather than exhaustion of state
3  remedies (Dkt. 12, p. 2).

### DISCUSSION

5  Before considering any other issues, the Court notes that petitioner states that it is not his
6  signature on the petition (Dkt. 12) and, therefore, he did not file this petition.  Petitioner asks that
7  the Court dismiss this petition.

8  Respondent did not file any objection to petitioner's motion to withdraw his petition nor
9  contest petitioner's assertions of fact that it was not his signature on the petition.  Accordingly,
10 the Court recommends granting petitioner's motion and dismissing this petition without
11 prejudice.

12 Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have
13 fourteen (14) days from service of this Report to file written objections.  *See also* Fed. R. Civ. P.
14 6.  Failure to file objections will result in a waiver of those objections for purposes of de novo
15 review by the district judge.  *See* 28 U.S.C. § 636(b)(1)(C).  Accommodating the time limit
16 imposed by Fed. R. Civ. P. 72(b), the clerk is directed to set the matter for consideration on
17 March 13, 2015, as noted in the caption.

18 Dated this 12th day of February, 2015.

J. Richard Creatura
United States Magistrate Judge